IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3153 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL WILSON, and KEITH | ) | |
| MORRIS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Samar Akins ("Plaintiff" or "Akins") filed his Complaint in this matter on July 30, 2014. (Filing No. 1.) Plaintiff has been granted leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

I.   SUMMARY OF COMPLAINT

Plaintiff brought this action against what appear to be two private parties, Michael Wilson and Keith Morris. Liberally construed, he alleges state law claims for breach of warranty, negligence, and wrongful eviction. In addition, Plaintiff states he is suing "on the grounds of racial discrimination and retaliation as a result of the illegal eviction proceedings conducted against him." (Filing No. 1 at CM/ECF p. 1.)

Akins alleges he discovered black mold growing in an apartment he rented from Defendants. He informed Defendants he would not make rent payments until repairs were made. In addition, he and his neighbors filed complaints with the mayor's office concerning the black mold. Thereafter, Akins was evicted from his apartment. Akins alleges he "was evicted because [he] complained about the hazardous conditions of [his apartment] and organized [his] neighbors to take action against Keith Morris and Mike Wilson." (Filing No. 1 at CM/ECF pp. 3-4.) Akins claims he and one of his

children became ill as a result of the black mold. Akins states the "the defendants are white [and he] and [his] kids are Black." (Filing No. 1 at CM/ECF p. 4.) Akins seeks a total of $150,000.00 in monetary damages from Defendants. (Filing No. 1 at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleges that his claims arise under 42 U.S.C. § 1983. (Filing No. 1 at CM/ECF p. 1.) However, as discussed below, the court cannot determine whether jurisdiction is proper based on the information set forth in the Complaint.

### 1. Federal Question Jurisdiction

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *Magee v. Tr. of Hamline Univ, Minnesota*, 747 F.3d 532, 536 (8th Cir. 2014); *Dossett v. First State Bank*, 399 F.3d 940, 947 (2005); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

Here, Plaintiff does not set forth any allegation that could be liberally construed to violate any federal statute. Plaintiff has alleged a state law landlord-tenant dispute. However, he has failed to plausibly assert that any Defendant was acting under color of state law. *See West*, 487 U.S. at 49 (stating a person acts under color of law for purposes of 42 U.S.C. § 1983 if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state

law"). In addition, Plaintiff offers no factual content that would allow the court to draw the reasonable inference that Defendants discriminated against him because of his race in violation of federal law. Accordingly, Plaintiff's allegations do not establish federal-question jurisdiction exists in this matter.

### 2. Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may also be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

While a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. V. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id*. (quotation omitted).

Plaintiff has not indicated an intention to assert diversity of citizenship jurisdiction. Moreover, he has not provided addresses for Defendants so the court cannot determine that Plaintiff's citizenship differs from Defendants.' In addition, the court has serious doubts that the claim for money damages in the amount of $150,000.00 is legitimate. Plaintiff fails to state any facts or legal theories alleging why Defendants should be liable to him for this amount.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to amend his Complaint to set forth the grounds for the court's jurisdiction.

2. If Plaintiff intends to assert diversity of citizenship jurisdiction, Plaintiff will have 30 days from the date of this Memorandum and Order to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional limit.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff address the matters set forth in his Memorandum and Order.

4. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: November 24, 2014: deadline for Plaintiff to amend.

5. Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

DATED this 28th day of October, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.